UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GSE CONSULTING, INC.,
a Washington corporation,

    Plaintiff,

vs.                                      CASE NO.:_____

L3HARRIS TECHNOLOGIES, INC.,
a Delaware corporation, formerly
known as HARRIS CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GSE CONSULTING, INC. ("GSE"), by counsel, sues Defendant, L3HARRIS TECHNOLOGIES, INC. ("L3Harris"), formerly known as HARRIS CORPORATION, and says:

1. This is an action for breach of contract to recover damages in excess of $75,000.00, exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdiction of this Court.

2. GSE is a Washington corporation with its principal place of business in the state of Washington.

3. L3Harris was formerly known as Harris Corporation prior to the merger between Harris Corporation and L3 Technologies, Inc., on June 29, 2019.

4. L3Harris is a Delaware corporation with its principal place of business in the state of Florida.

1

5. At all times material, L3Harris (formerly Harris Corporation) was doing business and continues to do business in Brevard County, Florida.

6. This Court has complete diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). GSE is a corporation incorporated under the laws of the state of Washington with its principal place of business in the state of Washington. L3Harris is a Delaware corporation with its principal place of business in the state of Florida. In addition, the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332(a).

7. Venue is proper in the Middle District of Florida because (a) L3Harris' principal place of business is located in Brevard County, Florida, (b) L3Harris does business in Brevard, County, Florida, and (c) L3Harris breached the contract described herein which is the subject of this action in Brevard County, Florida.

8. On or about August 1, 2010, GSE and Harris Corporation entered into a Consulting Agreement establishing the contract terms and compensation arrangement with GSE in exchange for GSE's continued involvement in an oil recovery technology development program and GSE's assignment of rights and ownership of intellectual property (the "Intellectual Property") to Harris Corporation. A true and correct copy of the Consulting Agreement is attached hereto as Exhibit "A."

9. In connection with the Consulting Agreement, GSE's President, George Taylor, assigned his intellectual property rights and ownership to the Intellectual Property to Harris Corporation on December 6, 2010, via a written Assignment. A true and correct copy of the Assignment is attached hereto as Exhibit "B."

10. The Intellectual Property, envisioned by GSE, was to apply Harris Corporation communications and defense technology to the oil recovery industry.

11. The Intellectual Property was used in the creation of the ESEIEH™ patents and process. The origins of the invention of the ESEIEH™ process and patents date to mid-2009. GSE's President, George Taylor, is an inventor on ESEIEH patent 8,616,273, a true and correct copy of which is attached hereto as Exhibit "C."

12. The oil recovery technology development program was active and ongoing at the time of the merger between Harris Corporation and L3 Technologies, Inc., on June 29, 2019.

13. Neither Harris Corporation nor L3 Technologies, Inc., were in the business of producing oil or developing oil recovery technology as a core pursuit leading up to and at the point of the merger.

14. Attachments E and F in the Consulting Agreement address the compensation arrangement with GSE.

15. Attachment E describes the goal of providing 10% of ongoing direct labor opportunity (Work Share) during the term of the Consulting Agreement.

16. Attachment F describes the events upon which an Intellectual Property Fee (described and defined in the Consulting Agreement) is due and payable to GSE.

17. Section 6.b.i. of Attachment F provides for the payment of the Intellectual Property Fee to GSE (based on 3% of the market capitalization and capped at $4,000,000.00, as described in Attachment F and below) in the event the Intellectual Property is sold, merged or transferred and the primary basis of the sale is *not* the Intellectual Property.

18. In an email exchange on July 9, 2010, the Contracts Administrator for Harris Corporation requested a definition of "capitalization" in Attachment F.6.b. Later that same day, July 9, 2010, GSE President George Taylor replied that the term refers to the value of the new entity created as a result of a sale, merger or transfer. A true and correct copy of the July 9, 2010, email exchange is attached hereto as Exhibit "D."

19. Section 6.b. of Attachment F was included in Attachment F of the Consulting Agreement to mitigate the risk to GSE of the oil recovery technology development program being minimized or shut down if the Intellectual Property was simply part of a larger corporate transaction, particularly if the transaction had nothing to do with the Intellectual Property.

20. Harris Corporation merged with L3 Technologies, Inc., on June 29, 2019, forming the new entity, L3Harris, with a new market capitalization utilizing the acquisition method of accounting. The merger was "one of the largest mergers ever in the defense industry," said William M. Brown, Chairman and Chief Executive Officer of L3Harris, in his Letter to Shareholders dated August 21, 2019. Mr. Brown's Letter to Shareholders is found in the L3Harris 2019 Annual Report. A true and correct copy of excerpts of the L3Harris 2019 Annual Report, including Mr. Brown's Letter to Shareholders, is attached hereto as Exhibit "E."[1]

21. Harris Corporation previously traded on the New York Stock Exchange under the symbol "HRS," and L3 Technologies, Inc., previously traded on the New York Stock Exchange under the symbol "LLL." Upon the merger, the stock symbols of both Harris

---

[1] A complete copy of the L3Harris 2019 Annual Report can be reviewed at *www.l3harris.com/documents/L3Harris-2019-Annual-Report.pdf*.

Corporation and L3 Technologies, Inc., ~~were~~ no longer existed. Only the stock in the merged company, L3Harris, existed on the New York Stock Exchange under the Trading Symbol "LHX," as is reflected on the introductory page of the L3Harris 2019 FORM 10-K. The introductory page of the L3Harris 2019 FORM 10-K is found in the excerpts of the L3Harris 2019 Annual Report attached hereto as Exhibit "E."

22. As a result of the merger, L3Harris' market capitalization nearly doubled Harris Corporation's previous market capitalization, and L3Harris' annualized revenues of 18 billion dollars nearly tripled Harris Corporation's fiscal year 2019 revenues of 6.8 billion dollars, as is reflected in the L3Harris 2019 Transitional Report compared to the L3Harris 2019 Annual Report. Further, L3Harris employs approximately 50,000 employees, compared to Harris Corporation's total of 18,200 employees prior to the merger. A true and correct copy of an excerpt of the L3Harris 2019 Transitional Report referencing L3Harris' 18 billion dollars in annualized revenues and 50,000 employees is attached hereto as Exhibit "F."[2]

23. The primary basis of the merger of Harris Corporation and L3 Technologies, Inc., on June 29, 2019, was *not* the oil recovery Intellectual Property.

24. As a result of the merger of Harris Corporation and L3Technologies, Inc., the Intellectual Property was merged into the Space and Airborne Systems segment of the newly merged company, one of four segments created by the merger. The Space and Airborne Systems segment of L3 Harris is a mix of former operating businesses of Harris Corporation and L3 Technologies, Inc., as is explained on page 9 of the L3Harris 2019 FORM 10-K. Page

---

[2] An entire copy of the L3Harris 2019 Transitional Report can be reviewed at *www.l3harris.com/documents/L3Harris-2019-Transition-Report.pdf*

9 of the L3Harris 2019 FORM 10-K is found in the excerpts of the L3Harris 2019 Annual Report attached hereto as Exhibit "E."

25. Pursuant to Section 6.b. of Attachment F of the Consulting Agreement, the amount of $4,000,000.00 (plus prejudgment interest and attorneys' fees) is due to GSE from L3Harris as the Intellectual Property Fee because: (a) the Intellectual Property was, in fact, merged with the merger of Harris Corporation and L3 Technologies, Inc.; (b) the primary basis of the Harris Corporation/L3 Technologies, Inc., merger was *not* the Intellectual Property; and (c) 3% of the L3Harris market capitalization of approximately $42,000,000,000.00 is in excess of the capped figure of $4,000,000.00 provided in Section 6.b. of Attachment F of the Consulting Agreement. The L3Harris market capitalization is represented in the L3Harris Technologies Overview dated July 1, 2019. A true and correct copy of an except of the L3Harris Technologies Overview dated July 1, 2019, is attached hereto as Exhibit "G."[3]

26. On July 1, 2019, GSE sent to L3Harris GSE Invoice No. 4222 dated June 30, 2019, in the amount of the $4,000,000.00 Intellectual Property Fee (the "GSE IP Fee Invoice"). A true and correct copy of the GSE IP Fee Invoice is attached hereto as Exhibit "H."

27. On August 19, 2019, in response to receiving the GSE IP Fee Invoice, L3Harris sent a letter to GSE denying that the Intellectual Property Fee was due to GSE for the purported reasons stated in the letter (the "L3Harris Denial Letter"). A true and correct copy of the L3Harris Denial Letter is attached hereto as Exhibit "I."

---

[3] An entire copy of the L3Harris Technologies Overview dated July 1, 2019 can be reviewed at *www.l3harris.com/documents/InvestorsOverview.pdf*

28. On March 10, 2020, GSE made a formal written demand for payment on L3Harris of the Intellectual Property Fee, together with accrued interest and attorneys' fees (the "GSE Demand Letter"). A true and correct copy of the GSE Demand Letter is attached hereto as Exhibit "J."

29. On March 18, 2020, L3Harris responded in writing to the Demand Letter setting forth a different purported reason for denying that the Intellectual Property Fee is due to GSE (the "L3Harris Response"). A true and correct copy of the L3Harris Response is attached hereto as Exhibit "K."

30. On March 25, 2020, GSE replied to the L3Harris Response (the "GSE Reply"). A true and correct copy of the GSE Reply is attached hereto as Exhibit "L."

31. Despite GSE's demands for payment, L3Harris has failed and refused to pay the properly due and payable Intellectual Property Fee (plus accrued interest and attorney' fees) to GSE.

32. L3Harris' failure and refusal to make payment of the Intellectual Property Fee to GSE is a default under and a breach of the Consulting Agreement by L3Harris.

33. As a result of L3Harris' breach of the Consulting Agreement by failing and refusing to pay the Intellectual Property Fee, GSE has suffered damages equal to the unpaid Intellectual Property Fee, plus prejudgment interest, attorneys' fees and costs.

34. As of October 5, 2020, the Intellectual Property Fee due and payable from L3Harris to GSE with accrued prejudgment interest is $4,335,990.62. This amount does not include the attorneys' fees and costs incurred by GSE to date. Prejudgment interest, attorneys' fees and costs will continue to accrue on the Intellectual Property Fee.

35. GSE has retained the services of Stovash, Case & Tingley, P.A., and has agreed to pay its attorneys reasonable attorneys' fees and costs in connection with the prosecution of this action.

36. Pursuant to Section 25 of the Agreement, GSE is entitled to recover its attorneys' fees and costs in the prosecution of this action from L3Harris.

37. GSE has complied with all conditions precedent to bringing this action, they have occurred, or they have been waived.

WHEREFORE, Plaintiff, GSE CONSULTING, INC., demands a judgment against L3HARRIS TECHNOLOGIES, INC., for damages equal to the Intellectual Property Fee, prejudgment interest, post judgment interest, attorneys' fees pursuant to Section 25 of the Agreement, costs, and such other relief as this Court deems appropriate.

### Demand for Trial by Jury

GSE demands a trial by jury on all issues so triable.

DATED this 6th day of October, 2020.

STOVASH, CASE & TINGLEY, P.A.

By: */s/ Robert J. Stovash*
Robert J. Stovash, Esquire
*Trial Counsel*
Florida Bar No. 0769320
Primary Email: rstovash@sctlaw.com
Secondary Email: droman@sctlaw.com
The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, Florida 32801
Telephone: (407) 316-0393
Telecopier: (407) 316-8969
*Attorneys for Plaintiff,*
*GSE CONSULTING, INC.*